IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA *ex rel.*  )
WILLIAM RILEY SUTHERLAND III,  )
                                         )
             Petitioner,             )
                                         )
       v.                     )   No. 07 C 3469
                                         )
DONALD A. HULICK  )
                                         )
            Respondent.          )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Petitioner William Riley Sutherland III's ("Sutherland") request for a certificate of appealability. For the reasons stated below, we deny the request for a certificate of appealability.

## BACKGROUND

    Sutherland was accused of entering a residence at night without permission and shooting his wife and six-year-old step-daughter a total of nine times while they slept, causing permanent brain damage to his wife. *People v. Sutherland*, 743 N.E.2d 1007, 1010, 1012 (Ill. App. Ct. 2000). On September 28, 1998, a jury convicted Sutherland of attempted first degree murder, aggravated battery with a firearm, and

1

home invasion. Sutherland was sentenced to three consecutive 30-year terms of imprisonment. Sutherland appealed his convictions to an appellate court ("Illinois Appellate Court") and the court affirmed Sutherland's convictions on December 1, 2000. Sutherland filed a petition for leave to appeal to the Supreme Court of Illinois, which the court denied on January 14, 2002.

On May 10, 2001, Sutherland filed a *pro se* petition for post-conviction relief, which the trial court denied by a written order. On appeal, the State appellate court reversed the dismissal and the Respondent then filed a petition for leave to appeal with the Illinois Supreme Court. The Illinois Supreme Court vacated the lower appellate court's ruling and on remand the State appellate court affirmed the trial court's dismissal of the post-conviction petition. Sutherland subsequently filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on May 24, 2006. On May 15, 2007, Sutherland filed a petition for writ of habeas corpus ("Petition") and on November 28, 2007, we denied the Petition. Sutherland now requests a certificate of appealability.

## LEGAL STANDARD

If a court denies a Section 2255 motion and the petitioner wishes to appeal that ruling, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

Sutherland presented the following claims in his Petition: (1) that the trial court violated his constitutional rights in refusing to allow his trial counsel to question an eyewitness who was a minor ("Eyewitness") at a competency hearing as to whether she had been coached (Claim I), (Pet. 17), (2) that the trial court improperly admitted prejudicial identification testimony by the Eyewitness (Claim II), (Pet. 24), (3) that Sutherland received ineffective assistance of counsel at trial due to the failure of his trial counsel to preserve an objection as to the inability to cross-examine the Eyewitness at the competency hearing (Claim III), (Pet. 25), (4) that Sutherland received ineffective assistance of counsel on appeal due to the failure of his appellate counsel to raise on appeal the inability to cross-examine the Eyewitness at the competency hearing (Claim IV), (Pet. 25), (5) that the trial court erred by giving an improper jury instruction regarding the weighing of identification testimony (Claim V), (Pet. 27), (6) that the trial court erred by giving an improper jury instruction regarding the reasonable doubt standard (Claim VI), (Pet. 27), (7) that the trial court erred by holding Sutherland's trial counsel in contempt, denying Sutherland the assistance of counsel and ability to prepare his defense (Claim VII),

3

(Pet. 32), (8) that the prosecution violated the rules of discovery by failing to disclose expert testimony and identification testimony prior to the testimony at trial (Claim VIII), (Pet. 43), (9) that there was prosecutorial misconduct at trial including the presentation of perjurous testimony, material misstatements of evidence, and the use of inflammatory tactics (Claim IX), (Pet. 60), (10) that Sutherland received ineffective assistance of trial counsel due to the failure of his trial counsel to impeach State witnesses who gave perjured testimony (Claim X), (Pet. 48), (11) that Sutherland received ineffective assistance of counsel at trial due to his trial counsel's failure to object to prosecutorial misconduct (Claim XI), (Pet. 48), and (12) that Sutherland received ineffective assistance of counsel on appeal due to the failure of his appellate counsel to raise the prosecutorial misconduct argument on appeal (Claim XII). (Pet. 48).

I. Procedurally Defaulted Claims (Claims I-VI, VIII-XII)

Respondent argued that many of the claims presented in the Petition are procedurally defaulted. A petitioner's claim is procedurally defaulted unless "'he fully and fairly presented his claims to the State appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge.'" *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006)(quoting *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005)). To fully and fairly present a claim, the petitioner must have "'assert[ed] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or

4

in post-conviction proceedings.'" *Id.* (quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)). Thus, a petitioner must pursue his appellate right "to the highest state court to preserve federal review. . . ." *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006).

A federal court can review procedurally defaulted claims if a petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure," or if the refusal to review would result in a "fundamental miscarriage of justice." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). A petitioner can establish cause by "showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis*, 390 F.3d at 1026. To establish prejudice, a petitioner must show that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A miscarriage of justice exists "where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" and the petitioner can "show that it is more likely than not that no reasonable juror would have convicted him," but for the alleged constitutional violation. *Rodriguez*, 193 F.3d at 917 (quoting in part *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

As we explained in our ruling on November 28, 2007, denying Sutherland's Petition, Sutherland failed to properly raise Claims I-VI and VIII-XII in the state court and the claims are procedurally defaulted. Sutherland has failed to provide

cause for this failure. In addition, even if any of the claims had been properly raised, a review of the record indicates that they are wholly without merit. Sutherland has not presented any arguments in the request for a certificate of appealability that show that the court's prior ruling as to Claims I-VI, and VIII-XII was incorrect. Nor has he shown that the court's determination was such that reasonable jurists could debate the issues presented in those claims.

Sutherland acknowledges that his claims may have been procedurally defaulted, but he argues that he should be allowed to pursue the claims because to deny him the opportunity to pursue the claims would result in a fundamental miscarriage of justice. (Cert. App. 3). There was ample evidence to convict Sutherland for his crimes and he has not pointed to evidence that would raise a question in regard to any of his claims that there might have been a fundamental miscarriage of justice. Sutherland has not provided sufficient justification to allow him to pursue any of his procedurally defaulted claims. Therefore, in regard to Claims I-VI, and VIII-XII, Sutherland has not made a substantial showing of the denial of a constitutional right and has not shown that the claims deserve further encouragement on appeal.

## II. Contempt Order (Claim VII)

Sutherland also argues that he was denied effective assistance of counsel at trial and denied the right to prepare his defense because the trial court held his trial counsel in contempt, jailed his counsel for one night, and further restricted his

counsel to the courtroom on the following day. (Pet. 32, 35). In order to show ineffective assistance of counsel, a criminal defendant must establish: "(1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *McDowell v. Kingston*, 497 F.3d 757, 761-62 (7th Cir. 2007)(quoting in part *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). Representation by counsel is presumed to be effective "'and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel.'" *United States v. Malone*, 484 F.3d 916, 919 (7th Cir. 2007)(quoting *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002)). There are limited exceptions under which there is a presumption that a defendant was prejudiced by ineffective assistance of counsel. *McDowell*, 497 F.3d at 761-62; *see also Wright v. Van Patten*, 2008 WL 59980, at *2 (2008)(explaining exceptions under *United States v. Cronic,* 466 U.S. 648 (1984)). One such exception is "where there is a 'complete denial of counsel' or denial at a 'critical stage' of the litigation. . . ." *Id.* However, the exception is a narrow exception and is only applicable when counsel was "physically absent at a critical stage." *Id.* at 761-62 (emphasis omitted).

     In the instant action, Sutherland admits that his counsel was present during the trial and that he was only jailed during one night when court was not in session. Sutherland has not shown that the night of the incarceration was a critical stage of his case or that it caused his counsel not to be prepared to continue with the trial. Thus,

7

the presumption in favor of prejudice is not applicable. In addition, Sutherland failed to show that his counsel suffered from sleep deprivation that adversely affected his case. Sutherland has not shown that any attempts to contact his counsel during the time of his counsel's incarceration would have been futile and has not shown that he was actually prejudiced by the jailing of his trial counsel. Sutherland bases his claim on pure speculation that if he had decided to seek advice of counsel during his counsel's night of confinement, he would have been unable to contact his counsel. Thus, Sutherland has failed to show that his counsel was ineffective due to the contempt order issued against his counsel or that the contempt order materially affected Sutherland's right to prepare his defense. There is nothing in the record to suggest that counsel's performance was deficient or prejudicial due to the contempt order against counsel. Therefore, Sutherland has not shown that the court erred in regard to Claim VII or that reasonable jurists could debate the issues raised in Claim VII. Sutherland has also failed to make a substantial showing of the denial of a constitutional right in regard to Claim VII and has not shown that the claim deserves further encouragement on appeal. Therefore, we deny the request for a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we deny the request for a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 8, 2008